**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00825-NYW-MDB

JEREMIAH CASPER,

Plaintiff,

v.

BRIAN OLSON, in his official capacity,
BRIAN VANDERPOOLE, in his official capacity, and
DON NOTTINGHAM, in his official capacity,

Defendants.

---

## MINUTE ORDER

---

**Entered by Judge Nina Y. Wang**

This matter is before the Court on the Notice of Appeal docketed on August 18, 2026. [Doc. 72]. Plaintiff Jeremiah Casper ("Plaintiff" or "Mr. Casper") purports to "appeal the final judgment entered in this case issued on 7/08/26 to the 10th circuit [sic]." [*Id.* at 1].

However, no final judgment has been issued in this case. Rather, on July 28, 2026,[1] Magistrate Judge Maritza Dominguez Braswell issued a Recommendation of United States Magistrate Judge wherein she *recommends* that two Motions to Dismiss, *see* [Doc. 40; Doc. 47], be granted. *See generally* [Doc. 71]; *see also* [*id.* at 2 ("The Court is *recommending* that Defendants' Motions to Dismiss be granted and this case be closed." (emphasis added))]. The Recommendation advises Plaintiff that he may file objections to the Recommendation, to be heard by the undersigned district judge. *See* [*id.* at 10–11]; *see also* Fed. R. Civ. P. 72(b)(2)–(3) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. . . . The district judge must determine de novo any part of the magistrate judge's disposition that has been properly

[1] The Court construes the Notice of Appeal as directed to the Recommendation. Although Plaintiff references an order entered on "7/08/26," [Doc. 72 at 1], the only entry in this case from July 8, 2026 is a Minute Order by this Court informing the Parties that the Court did not construe one of Plaintiff's filings as an affirmative motion. *See* [Doc. 64]. Furthermore, Plaintiff's Notice of Appeal states that "[t]he primary issue on appeal is that my case fully or partially is not time barred," [Doc. 72 at 1], which is clearly directed at Judge Dominguez Braswell's Recommendation, which recommends dismissal of some claims based on the statute of limitations, *see generally* [Doc. 71].

objected to."). In other words, although Judge Dominguez Braswell has *recommended* that the Motions to Dismiss be granted, the Motions to Dismiss have not yet been ruled on by this Court.

"A magistrate judge's report and recommendation is not a final appealable order." *Emrit v. Jules*, No. 23-3143, 2023 WL 9600838, at *1 (10th Cir. Aug. 15, 2023). Because no final appealable order has been entered in this case, Plaintiff's Notice of Appeal is premature and procedurally improper. *See id.* at *1 (the Tenth Circuit dismissing appeal of magistrate judge's recommendation for lack of appellate jurisdiction); *see also* 28 U.S.C. § 1291 (stating that the courts of appeals "shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States" (emphasis added)).

"If [a] notice of appeal is deficient by reason of untimeliness, lack of essential recitals, reference to a non-appealable order, or otherwise, the district court may ignore it and proceed with the case." *Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1976); *see also United States v. Stipe*, 653 F.2d 446, 449 (10th Cir. 1981) (concluding that it was not an abuse of discretion for the district court to disregard a notice of appeal); *United States v. Ferris*, 751 F.2d 436, 440 (1st Cir. 1984) ("Where the order in question is manifestly unappealable, the court of appeals never gains jurisdiction of it and, consequently, the district court never loses jurisdiction of it."). This Court thus concludes that the Notice of Appeal did not divest the Court of jurisdiction over this case, and the case remains pending in this District.

Since the Court has now reminded Mr. Casper of the proper way to raise objections to the Recommendation, the Court sua sponte **EXTENDS** Plaintiff's deadline to file objections to Judge Dominguez Braswell's Recommendation to **September 2, 2026**. *See* Fed. R. Civ. P. 72(b)(2) (objections must be filed within 14 days). If Plaintiff disagrees with Judge Dominguez Braswell's recommended disposition of the Motions to Dismiss, he may file objections explaining why he believes Judge Dominguez Braswell's analysis is incorrect. Mr. Casper is reminded that "objections to the magistrate judge's . . . recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Accordingly, it is **ORDERED** that:

(1) The Notice of Appeal, [Doc. 72], did not divest the Court of jurisdiction over this case;

(2) Plaintiff's deadline to object to Judge Dominguez Braswell's Recommendation, [Doc. 71], is sua sponte **EXTENDED** to **September 2, 2026**; and

(3) The Clerk of Court shall mail a copy of this Minute Order to:

Jeremiah Casper
P.O. Box 165
201 East Pikes Peak Avenue
Colorado Springs, CO 80903

DATED: August 19, 2026