**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 25-cv-00825-NYW-MDB

JEREMIAH CASPER,

Plaintiff,

v.

BRIAN OLSON, in his official capacity,
BRIAN VANDERPOOL, in his official capacity,[1] and
DON NOTTINGHAM, in his official capacity,

Defendants.

---

**ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge issued on July 28, 2026 by the Honorable Maritza Dominguez Braswell. [Doc. 71]. Judge Dominguez Braswell recommends that this Court grant Defendants Olson and VanderPool's Motion to Dismiss Under F.R.C.P. 12(b)(6), [Doc. 40], and Defendant Nottingham's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), [Doc. 47]. *See* [Doc. 71 at 9]. She also recommends that Plaintiff's Motion for Summary Judgement Pursuint F.R.C.P. 56 [sic], [Doc. 67], be denied as moot, *see* [Doc. 71 at 9].

Plaintiff Jeremiah Casper ("Plaintiff" or "Mr. Casper") has objected to Judge Dominguez Braswell's Recommendation. *See* [Doc. 78]. The Court finds that it may rule

---

[1] Plaintiff spells Defendant VanderPool's last name as "VanderPoole," *see* [Doc. 21 at 1], but this Defendant spells his last name "VanderPool," *see* [Doc. 40 at 1]. The Court adopts Defendant VanderPool's spelling of his own name. The Clerk of Court is directed to update the docket to reflect the correct spelling of Defendant VanderPool's name.

on Plaintiff's objections without awaiting a response.[2] For the following reasons, Plaintiff's objections are respectfully **OVERRULED** and the Motions to Dismiss are **GRANTED**.

## LEGAL STANDARDS

### I. Rule 72

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

### II. Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quotation omitted). The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*,

[2] On September 21, 2026, Defendants Olson and VanderPool filed a response. [Doc. 81].

550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

**III. Pro Se Filings**

Because Mr. Casper proceeds pro se, his filings are entitled to liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and Plaintiff must comply with the same procedural rules and substantive law that all parties are required to follow, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

**BACKGROUND**

Judge Dominguez Braswell sets forth the factual and procedural background of this case in her Recommendation. *See* [Doc. 71 at 2–4]. The Court adopts Judge Dominguez Braswell's recitation of the facts, incorporates it herein by reference, and repeats it only to the extent necessary to rule on Plaintiff's objections.

In June 2017, Plaintiff was arrested by police officers Brian Olson and Brian VanderPool. [Doc. 21 at 5]. During his arrest, he was tackled by Defendant Olson, and during transport to the Pitkin County Jail, Defendant Olson "appl[ied] a pressure pain compliance technique" to Mr. Casper that caused extreme pain and shortness of breath. [*Id.* at 6]. Plaintiff's requests to go to the hospital were denied. [*Id.*].

Mr. Casper alleges that, while on bond, he was subject to frequent drug and alcohol screenings, which were conducted in "an excessively humiliating manner" and interfered with his ability to maintain employment. [Doc. 22 at 2]. He also alleges that, due to the

"unlawful arrest and inadequate investigation" by Defendants Olson and VanderPool, he was wrongfully convicted and sentenced to 60 months' imprisonment. [*Id.* at 3–4].[3] He then alleges that Defendant Nottingham, the then-prosecutor, maliciously prosecuted him after the 2017 arrest and again in a criminal trial in 2020. [*Id.* at 4]. The 2020 criminal trial is related to a burglary charge and is "still under [the] appeal process." [*Id.* at 4–5].

Mr. Casper asserts four claims: (1) a false arrest claim against Defendants Olson and VanderPool ("Claim 1"), [Doc. 21 at 4]; (2) an excessive force claim against Defendants Olson and VanderPool ("Claim 2"), [*id.* at 5–6]; (3) a claim related to "harassing and humiliating urine analysis searches" against all Defendants ("Claim 3"), [Doc. 22 at 1–3]; and (4) a malicious prosecution claim against all Defendants ("Claim 4"), [*id.* at 3–5].[4] Together, Defendants Olson and VanderPool move to dismiss Plaintiff's claims, [Doc. 40], as does Defendant Nottingham, [Doc. 47].

Judge Dominguez Braswell recommends that the Motions to Dismiss be granted. [Doc. 71]. First, she finds that Claims 1 and 2 should be dismissed as untimely because they were not filed within the applicable statute of limitations. [*Id.* at 5–6]. Then, she concludes that Claim 3 should be dismissed because Plaintiff does not allege any Defendant's personal participation in the challenged conduct. [*Id.* at 6–7]. With respect

[3] As Judge Dominguez Braswell notes, Plaintiff "appears to contend that certain appellate proceedings" related to the 2017 conviction "resolved in his favor." [Doc. 71 at 3]; *see also* [Doc. 21 at 4; Doc. 22 at 4]. The Court takes judicial notice of the fact that, in 2022, the Colorado Court of Appeals overturned Plaintiff's judgment of conviction arising out of the 2017 arrest and remanded for a new trial. *See People v. Casper*, No. 19CA1017, 2022 WL 22927782 (Colo. App. Sept. 1, 2022). Plaintiff's pleadings do not clearly indicate what occurred next. *See* [Doc. 21; Doc. 22].

[4] Plaintiff captions this claim as a "wrongful conviction claim." [Doc. 22 at 3]. But in Plaintiff's response brief, he states that he brings a malicious prosecution claim. [Doc. 62 at 4]. Judge Dominguez Braswell also characterizes Claim 4 as a malicious prosecution claim, *see* [Doc. 71 at 4 n.5], and the Court agrees with this framing.

to Claim 4, Judge Dominguez Braswell recommends that it be dismissed as to Defendants Olson and Vanderpool because Plaintiff does not allege the personal participation of either of these Defendants. [*Id.* at 7]. As for Defendant Nottingham, she concludes that Mr. Casper fails to state a claim with respect to either the 2017 or the 2020 prosecutions. [*Id.* at 7–8]. Finally, Judge Dominguez Braswell concludes that to the extent Plaintiff asserts any municipal liability claims, those claims must also be dismissed for failure to allege an official policy, practice, or custom. [*Id.* at 8].

## ANALYSIS

***Timeliness.*** First, Mr. Casper argues that Claims 1 and 2 are not time-barred, so they should not be dismissed. [Doc. 78 at 1–2].[5]

"For section 1983 actions, state law determines the appropriate statute of limitations and accompanying tolling provisions." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). "[T]he statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006).

"A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). Therefore, an excessive force claim based on force used during an arrest accrues

[5] Plaintiff argues that "[n]one of the claims are time barred." [Doc. 78 at 1]. However, because Judge Dominguez Braswell only recommended dismissal of Claims 1 and 2 on timeliness grounds, the Court limits its review of Plaintiff's objection to Claims 1 and 2.

at the time of the arrest. *Stevenson v. Grace*, 356 F. App'x 97, 98 (10th Cir. 2009); *Kalbaugh v. Jones*, 807 F. App'x 826, 832 (10th Cir. 2020). And "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

Mr. Casper argues that Claims 1 and 2 did not accrue "until new information became available that the arrest was unlawful" and that this new information "became available within the [Court of Appeals] opinion issu[ed] on 9/1/22." [Doc. 78 at 2]. Mr. Casper, however, does not identify what "new information" became available in the Court of Appeals opinion that would have triggered accrual of Claims 1 and 2. *See* [*id.*].

This argument, however, was not raised in Mr. Casper's combined Response to the Motions to Dismiss. *See* [Doc. 62 at 2]. Rather, he argued that "the case was ultimately eradicated when the order was issued to seal the record of the 17-CR-42 conviction on 3/20/23," so his Complaint was timely filed on March 13, 2025. [*Id.*]. Because this argument was not raised before Judge Dominguez Braswell, it has been waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Mr. Casper's argument is also inconsistent with precedent establishing that false arrest claims accrue when the claimant is detained, *Wallace*, 549 U.S. at 397, and that excessive force claims accrue at the time of the arrest, *Stevenson*, 356 F. App'x at 98. Furthermore, even *assuming* that Claims 1 and 2 somehow could be deemed to have

accrued at the time of the September 1, 2022 Court of Appeals decision because the decision contained "new information," *see* [Doc. 78 at 2], the two-year statute of limitations would have expired on September 2, 2024. Plaintiff did not file this case until March 13, 2025, *see* [Doc. 1], so regardless, Claims 1 and 2 are untimely.

Finally, Plaintiff does not raise any legal arguments that would allow this Court to conclude that the statute of limitations is subject to equitable tolling. *See Alexander v. Watkins*, 49 F. App'x 770, 772 (10th Cir. 2002) (observing that "[e]quitable tolling is only appropriate when [a person] diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control") (quotation omitted)); *Murray*, 312 F.3d at 1199 n.3.

Mr. Casper also argues that Claims 1 and 2 "merit relief under the relation back theory under provision FRCP 15(c)." [Doc. 78 at 2]. Rule 15(c) governs relation back of pleading amendments and provides that "[a]n amendment to a pleading relates back to the date of the original pleading" when

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

Once again, Plaintiff did not raise this argument in response to the Motions to Dismiss, *see* [Doc. 62], so it has been waived, *Marshall*, 75 F.3d at 1426. Moreover, this argument is respectfully unpersuasive. The relation-back doctrine applies to *amendment* of pleadings, and in certain circumstances, it permits an otherwise untimely new claim to relate back to the original, timely complaint. *See* Fed. R. Civ. P. 15(c). It does not permit a plaintiff to avoid application of the statute of limitations when the challenged claims were untimely filed in the first instance, like Claims 1 and 2 here. This objection is respectfully **OVERRULED**.

***Qualified Immunity.*** Next, Plaintiff argues that "Defendant Olson does not maintain qualified immunity to any claims." [Doc. 78 at 2]. He goes on to discuss the merits of his claims, [*id.* at 2–3], and he argues that Defendant Olson's "liability is not shielded by qualified immunity for all claims asserted in this lawsuit," [*id.* at 3]. This argument does not address Judge Dominguez Braswell's Recommendation or identify any purported error in her analysis. *See* [*id.* at 2–3]. Indeed, Judge Dominguez Braswell did not discuss qualified immunity at all or recommend that any Defendant be afforded qualified immunity. *See* [Doc. 71]. Because Plaintiff does not identify any particular error in Judge Dominguez Braswell's analysis, this objection is **OVERRULED**.

***Nature of Claims Against Defendant Olson.*** Next, Plaintiff clarifies that he sues Defendant Olson in his official capacity, not his individual capacity. [Doc. 78 at 3–4]. Again, Plaintiff does not identify any particular error in Judge Dominguez Braswell's Recommendation. *See* [*id.*]. In her Recommendation, Judge Dominguez Braswell noted that "[g]iven the nature of Plaintiff's allegations . . . [his] claims appear more appropriately

describe as individual capacity claims." [Doc. 71 at 4 n.6]. But she still analyzed Plaintiff's claims as official-capacity claims, determining that "to the extent Plaintiff attempts to plead municipal liability claims," those claims "must be dismissed" because Plaintiff did not allege any municipal policy, practice, or custom. [*Id.* at 8 (footnote omitted)]. Plaintiff does not object to this determination or argue that Judge Dominguez Braswell erred in her conclusion. Accordingly, to the extent this argument could be construed as an objection, it is **OVERRULED**. *See Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) (explaining that an objection that "disputes only the correctness of the recommendation" but "does not point to any specific errors made by" the magistrate judge is insufficient).

***Defendant Nottingham's Alleged Conduct.*** Finally, Plaintiff makes arguments about Defendant Nottingham's alleged conduct in the underlying criminal prosecution(s), generally referencing Claim 4. [Doc. 78 at 4]. He argues that Defendant Nottingham's conduct "merits a formal complaint with the Colorado Office of Attorney Regulation Counsel." [*Id.*]. However, Plaintiff does not tie his arguments to the Recommendation in any way; he does not, for example, clearly challenge Judge Dominguez Braswell's conclusion that he fails to state a malicious prosecution claim against Defendant Nottingham under Rule 12(b)(6). *See* [*id.*]; *Jones*, 2024 WL 358098, at *3. And to the extent that Mr. Casper seeks to pursue any administrative complaint against Defendant Nottingham with respect to the practice of law, this is not the correct forum to do so. Because Plaintiff does not direct the Court to any specific error in the Recommendation, this objection is respectfully **OVERRULED**.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Recommendation of United States Magistrate Judge [Doc. 71] is **ADOPTED**;

(2) Defendants Olson and VanderPool's Motion to Dismiss Under F.R.C.P. 12(b)(6) [Doc. 40] is **GRANTED**;

(3) Defendant Nottingham's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) [Doc. 47] is **GRANTED**;

(4) Plaintiff's Motion for Summary Judgement Pursuit F.R.C.P. 56 [sic] [Doc. 67] is **DENIED as moot**;

(5) The Court declines to award costs under Local Rule 54.1;[6]

(6) The Clerk of Court shall enter judgment in favor of Defendants and terminate this case; and

[6] While costs should generally "be allowed to the prevailing party," Fed. R. Civ. P. 54(d)(1), a district court may in its discretion decline to award costs where a "valid reason" exists for the decision, *see, e.g.*, *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) (citations omitted). Because Plaintiff proceeds in forma pauperis, *see* [Doc. 6], the Court respectfully declines to award costs, *see Shapiro v. Rynek*, 250 F. Supp. 3d 775, 779 (D. Colo. 2017) ("[A] district court does not abuse its discretion in denying costs when . . . the non-prevailing party is indigent.").

(7) A copy of this Order shall be mailed to:

Jeremiah Casper
P.O. Box 165
201 East Pikes Peak Avenue
Colorado Springs, CO 80903

DATED: September 21, 2026

BY THE COURT:



Nina Y. Wang
United States District Judge